**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

JOSE SANCHEZ SANCHEZ,

      Petitioner,

v.

CURRENT ATTORNEY GENERAL of the
United States; MARKWAYNE MULLIN,
Secretary, Department of Homeland
Security; TODD LYONS, Acting Director of
Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office
Director Enforcement and Removal
Operations, El Paso Field Office; and
WARDEN, Otero County Processing Center,

      Respondents.

Case No. 2:26-cv-00866-MIS-KRS

## ORDER DISMISSING PETITION FOR WRIT OF HABEAS CORPUS

THIS MATTER is before the Court on Petitioner Jose Sanchez Sanchez's Petition for Writ

of Habeas Corpus ("Petition"), ECF No. 1, filed March 23, 2026. Respondents Current Attorney

General of the United States, Markwayne Mullin, Todd Lyons, and Mary De Anda-Ybarra

("Federal Respondents"),[1] filed a Response on April 1, 2026, ECF No. 7. Upon review of the

Parties' submissions, the record, and the relevant law, the Court will dismiss the Petition for lack

of jurisdiction.

Petitioner was detained on January 6, 2026 and denied bond on March 6, 2026 because the

Immigration Judge (IJ) found he was both a danger to the community and a flight risk. Pet. ¶¶ 28,

---

[1] Respondent Warden of Otero County Processing Center did not file a response or otherwise appear in this case. It has become standard practice in these habeas cases for the warden of the relevant detention center to either appear and adopt the federal respondents' arguments, *see, e.g., Intriago-Sedgwick v. Noem*, Case No. 1:25-cv-01065-MIS-LF, Notice of Joinder In USA Respondents' Forthcoming Claims and Defenses, ECF No. 11 (D.N.M. Dec. 3, 2025), or not appear at all, *see Francisco v. Dedos*, Case No. 1:25-cv-01229-MIS-GJF, Proposed Findings and Recommended Disposition at 8, ECF No. 53 (D.N.M. Jan. 20, 2026).

33, ECF No. 1. Petitioner argues that, since the flight risk determination was based on a missed immigration appearance in 2014 which was not his fault, *id.* ¶¶ 34-35, and since the danger to the community determination was based on "DUI[]s and a driving offense," *id.* ¶ 39, this Court should find he has been in prolonged detention without meaningful review, the IJ failed to properly consider his circumstances, and his continued detention is unnecessary due to his strong equities, *id.* ¶¶ 43-58.

Respondents argue that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(A) but acknowledge that this Court determined a similarly situated petitioner was subject to detention under 8 U.S.C. § 1226(a) in *Duhan v. Noem*, No. 2:26-CV-00019-MIS-JFR, 2026 WL 266619, at *1 (D.N.M. Feb. 2, 2026). Resp. at 4, ECF No. 7. Further, Respondents argue that "[e]ven assuming the Court proceeds under § 1226, this habeas petition should be denied as [1] the immigration judge did make an individualized assessment as to this Petitioner's detention and [2] Petitioner has failed to exhaust his administrative remedies." *Id.* The Court agrees.

As a threshold matter, in keeping with this Court's previous decisions regarding similar petitioners detained within the United States, Petitioner is subject to detention under § 1226. *Lopez-Romero v. Lyons*, No. 2:25-CV-01113-MIS-JHR, 2026 WL 92873, at *5 (D.N.M. Jan. 13, 2026).

First, § 1226(e) bars jurisdiction to review discretionary judgments in bond hearings, *Grant-Davis, v. De Anda-Ybarra*, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026), and the Court agrees with Respondents that Petitioner is seeking just that. Resp. at 5, ECF No. 7.

Only where evidence supporting bond denial is absent may a petitioner be entitled to a bond hearing with the burden on the government, *Lopez-Romero v. Lyons*, No. 2:25-CV-01113-

MIS-JHR, 2026 WL 92873, at *6 (D.N.M. Jan. 13, 2026), or release, *Bello v. Bondi*, No. 2:26-CV-00398-MIS-SCY, 2026 WL 491307, at *1 (D.N.M. Feb. 20, 2026). Where the government provides evidence and the IJ makes a discretionary decision on that evidence denying bail, § 1226(e) prevents the Court from reviewing the IJ's decision. *Grant-Davis*, 2026 WL 823095, at *3.

Here, the government provided evidence upon which the IJ made a discretionary decision. The IJ based his "flight risk" decision on Petitioner failing to appear for a previous hearing and his "danger to the community" decision on Petitioner's three "closed DWIs and [one] pending [DWI] from 2024." Order of the Immigration Judge at 1, ECF No. 7-2. Petitioner seeks to have the Court find "ICE has failed to provide . . . justification for continued detention," Pet. ¶ 46, ECF No. 1, and "[t]he Immigration Judge's bond denial relied on factors that do not reasonably demonstrate flight risk or danger," *id.* ¶ 48. As the IJ's discretionary decisions were based on evidence of flight risk and danger to the community provided by the government, they cannot be reviewed by this Court. Consequently, the Court lacks jurisdiction over the Petition to overrule the IJ's bond denial decisions.

Second, Petitioner has failed to exhaust his administrative remedies. In the Tenth Circuit, "[t]he exhaustion of available administrative remedies is a prerequisite for § 2241 habeas relief, although we recognize that the statute itself does not expressly contain such a requirement." *Garza v. Davis*, 596 F.3d 1198, 1203 (10th Cir. 2010) (citation omitted). There is a narrow exception if the Petitioner "can demonstrate that exhaustion is futile." *Id.* (citation omitted). This Court has found a petitioner failed to exhaust her administrative remedies where bond was denied for cause and her appeal was pending. *See Grant-Davis*, 2026 WL 823095, at *3.

3

Petitioner is situated like the petitioner in *Grant-Davis*. His bond was denied for cause and he has not exhausted his administrative remedies because an appeal of his denial has not been filed. Resp. at 3, ECF No. 7. The Court concurs with Respondents; Petitioner has failed to exhaust his administrative remedies.

This Court is without jurisdiction to review Petitioner's Petition for a Writ of Habeas Corpus under § 1226(e) because his detention is based on an IJ's discretionary decision resting on evidence provided by the government. Petitioner has also failed to exhaust his administrative remedies as required in the Tenth Circuit. Therefore, it is **HEREBY ORDERED** that the Petition for Writ of Habeas Corpus, ECF No. 1, is **DISMISSED** due to lack of jurisdiction.

_____
**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE