# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

JOSE SANCHEZ SANCHEZ,

     Petitioner,

v.

                                        Case No. 2:26-cv-00866-MIS-KRS

CURRENT ATTORNEY GENERAL of the
United States; MARKWAYNE MULLIN,
Secretary, Department of Homeland
Security; TODD LYONS, Acting Director of
Immigration and Customs Enforcement;
MARY DE ANDA-YBARRA, Field Office
Director Enforcement and Removal
Operations, El Paso Field Office; and
WARDEN, Otero County Processing Center,

     Respondents.

## <u>ORDER DENYING MOTION FOR RECONSIDERATION</u>

**THIS MATTER** is before the Court on pro se Petitioner Jose Sanchez Sanchez's Motion for Reconsideration ("Motion"), ECF No. 10, filed June 29, 2026.

On April 6, 2026, the Court issued an Order Dismissing Petitioner's first Petition for Writ of Habeas Corpus ("Petition"). ECF No. 8. The Court found 8 U.S.C. § 1226(a) applied to Petitioner, <u>id.</u> at 2, and, since an Immigration Judge (IJ) made a discretionary decision to deny bond based on Petitioner's three closed and one pending Driving While Intoxicated offenses, found it did not have jurisdiction to review the IJ's decision per 8 U.S.C. § 1226(e), <u>id.</u> at 3. The Court also found Petitioner had failed to exhaust his administrative remedies because he had not appealed the bond denial to the BIA. <u>Id.</u> at 4. The Court entered final judgment in favor of Respondents on April 6, 2026. ECF No. 9.

Petitioner filed an untimely Motion for Reconsideration on June 29, 2026, seeking habeas relief based on prolonged detention. ECF No. 10 at 1-3. In the alternative, Petitioner seeks leave to file a new habeas petition based on his prolonged and indefinite detention. Id. at 1-2.

The Court denies Petitioner Motion because Motions for Reconsideration must be filed within twenty-eight days after the entry of judgment. F. R. Civ. P. 59(e). Petitioner filed his Motion sixty-four days after judgment. ECF Nos. 9, 10. Petitioner, however, is free to file a new petition for writ of habeas corpus limited to new issues in a separate filing that shall be assigned a new case number. Therefore, it is **HEREBY ORDERED** that:

1. Petitioner's Motion for Reconsideration, ECF No. 10 is **DENIED**; and

2. Petitioner may assert his new grounds for habeas relief in a new petition for writ of habeas corpus in a separate case.

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE

2